IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DAVID CAZALAS**                                                                                                       **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO.: 2:24-cv-2130**
                                                                                                **JURY TRIAL DEMANDED**

**INTERNATIONAL PAPER COMPANY and**
**INTERNATIONAL PAPER COMPANY SALARIED SAVINGS PLAN**            **DEFENDANTS**

## COMPLAINT

Plaintiff, David Cazalas, by and through his attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action arising under Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* (ERISA), and states as follows:

## PARTIES

1. Plaintiff, David Cazalas, is a former salaried employee of International Paper Company and was a participant in International Paper Company's Salaried Employee Severance Plan.

2. Defendant International Paper Company (IP) is a New York corporation with its principal place of business located at 6400 Poplar Avenue, Memphis, TN 38197-0100 USA. At all times relevant to this matter, IP was Plaintiff's employer and is a person within the meaning of 29 U.S.C. §1140. Defendant may be served with process through its registered agent, C T Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

3. Defendant International Paper Company Salaried Savings Plan (Plan) is an ERISA-governed employee welfare benefit plan established and maintained by IP for the purpose of providing severance benefits to designated IP salaried employees. Defendant may be served with process through its registered agent, C T Corporation System, 300 Montvue Rd., Knoxville, TN 37919.

## JURISDICTION AND VENUE

4. This is an ERISA case where the Court has both federal question jurisdiction under 28 U.S.C. § 1331 as well as express jurisdiction under 29 U.S.C. § 1132. This Court has authority to award costs and attorney fees pursuant to 42 U.S.C § 1988.

5. International Paper's principal place of business is in Memphis, Shelby County, Tennessee, where it administers the Plan. Pursuant to 29 U.S.C. § 1132(e), venue is proper in the United States District Court for the Western District of Tennessee, Western Division.

## FACTS

6. Plaintiff, David Cazalas, began working for International Paper Company in 1989 and was the Enterprise Distribution Manger – East Region at the time his employment ended on March 1, 2022.

7. Mr. Cazalas worked out of the Memphis, Tennessee corporate offices where he reported to Bill Travis.

8. Mr. Cazalas was a good employee for Defendant.

9. In late 2020 or early 2021, IP announced that it would be selling off part of its

print paper business to a spin off company, Sylvamo.

10. On May 21, 2021, Mr. Cazalas had a meeting with Kevin Pierce who was helping head up the Sylvamo spin off and Linda Bramblett, who was in charge of IP's Global Supply Chain and Bill Travis' supervisor.

11. During the May 21, 2021, meeting, Pierce informed Mr. Cazalas that Plaintiff would be welcome at Sylvamo in a similar position to Plaintiff's Distribution Manager position.

12. Plaintiff informed Pierce that he was considering retirement when he turned 61 in 2022.

13. Mr. Cazalas and Pierce discussed the pension at IP following to Sylvamo.

14. Mr. Cazalas was not familiar with the terms concerning any move from IP to Sylvamo because no one had discussed the spin off with him.

15. Mr. Cazalas did not know what would happen to his job at IP if he opted to take a job at Sylvamo.

16. IP and Sylvamo entered into several agreements as part of the spin off, including a Separation Agreement and an Employees Matters Agreement.

17. At no point did anyone in the May 21, 2021, meeting mention the Plan.

18. Pierce followed up by email the same day, thanking Mr. Cazalas for his time and expressing the intention to continue discussing possible positions at Sylvamo in the future.

19. On May 28, 2021, Mr. Cazalas and Kevin Pierce spoke again by phone with Plaintiff providing his day-to-day job duties to Pierce in response to questions.

20. On May 28, 2021, Linda Bramblett emailed Mr. Cazalas and stated that she wanted to "ensure" she understood Plaintiff's retirement plans.

21. Mr. Cazalas did not hear back from Kevin Pierce.

22. Mr. Cazalas did not provide any retirement plans to Bramblett in response to her May 28, 2021, inquiry.

23. On June 25, 2021, Mr. Cazalas spoke with Linda Bramblett and asked her if he should apply for a position that was posted on IP's Job Site.

24. During the June 25, 2021, conversation, Bramblett told Mr. Cazalas that he did not need to apply for the job.

25. During the same June 25, 2021, conversation, Bramblett told Mr. Cazalas that she needed his vacation days due to a plan she working on with Human Resources.

26. Mr. Cazalas replied to Bramblett to put any changes to his job in writing because of the financial implications associated with any decision he might be required to make about the future.

27. On August 26, 2021, Linda Bramblett called Mr. Cazalas to discuss a document presented to him that day as an August 31, 2021, status change or termination document.

28. In the call on August 26, 2021, when Plaintiff heard what the document said for the first time, Mr. Cazalas halted Bramblett and told her that it was false because it said he been offered and declined a job from Sylvamo.

29. During the August 26, 2021, call, Mr. Cazalas told Bramblett that he had never

received a job offer from Sylvamo.

30. Mr. Cazalas believed the Sylvamo position he discussed with Pierce had been filled in July 2021.

31. During the August 26, 2021, call, Bramblett informed Mr. Cazalas that his job was ending due to retirement on March 1, 2022.

32. Mr. Cazalas reminded Bramblett that he had not confirmed retirement.

33. Bramblett retorted to Mr. Cazalas that he was getting what he wanted.

34. Mr. Cazalas had never committed to a retirement date and had not submitted any paperwork to IP in furtherance of retirement.

35. IP had procedures and policies in place governing how to seek to retire and receive IP pension funds.

36. IP had in place procedures governing involuntary termination when he spoke to Bramblett in May, June, and August 2021.

37. At no point during any of his conversations with Bramblett in May or June 2021 did Mr. Cazalas discuss the fact that if he did not get a job from Sylvamo that he would be terminated at IP.

38. Mr. Cazalas felt that about half of job duties pertained to business that would go with Sylvamo but that about half of his work would remain with IP.

39. Mr. Cazalas did not discuss the Sylvamo spin off company or his job with IP with anyone besides Pierce and Bramblett.

40. IP did not follow its procedures governing involuntary termination when it terminated Plaintiff.

41. IP did not provide Plaintiff with written grounds for his termination.

42. To Mr. Cazalas knowledge, IP did not fill his position following his termination.

43. Mr. Cazalas was a Plan participant and is owed severance under the Plan.

44. On November 12, 2021, Mr. Cazalas wrote Nancy Koska, Business HR Manager, Enterprise Operational Excellence, asserting a claim for severance benefits under the Plan.

45. On January 3, 2022, Koska wrote Mr. Cazalas back, notifying him that his claim for severance was denied due to his continued employment.

46. In her January 3, 2022, letter, Koska also brought up a job offer from Sylvamo that Plaintiff had declined.

47. On February 18, 2022, Mr. Cazalas wrote the Salaried Employee Severance Plan Administrator requesting a review of Koska's denial of severance benefits.

48. In his February 18, 2022, letter to Plan Administrator, Thomas J. Plath, Mr. Cazalas also requested documents "[i]n accordance with the Plan," including a list of bulleted items inferred from Koska's benefits denial letter of January 3, 2022.

49. On April 15, 2022, International Paper Office of Plan Administrator responded to Mr. Cazalas February 18, 2022, letter as an appeal under the Plan and affirmed Koska's denial of benefits.

50. Mr. Cazalas wrote Plan Administrator, Thomas J. Plath, on June 13, 2022, in response to Plath's April 15, 2022, letter affirming Koska's denial of benefits requesting an explanation for the decision and additionally requesting any documents Plath relied upon in upholding Koska's denial of benefits.

51. Plaintiff never received any support for Defendants' position that he declined a position with Sylvamo.

52. Plaintiff never received any support for Defendants' position that he was not eligible for severance.

53. Plaintiff was a salaried employee who was involuntarily separated from his position with IP.

54. Defendants did not have a basis to deny Plaintiff severance.

55. The Plan failed to act as a fiduciary for Plaintiff when reviewing the denial of his severance.

56. The Plan failed to provide documentation relevant to Plaintiff's claim for severance and IP's denial of same.

57. Defendants denial of severance was arbitrary and capricious because Plaintiff did not receive a job offer from Sylvamo, thus he could not decline such a position and the reasons for denying Plaintiff severance continued to change.

58. Plaintiff believes the value of the lost benefits to be approximately $250,000 to $300,000.

## PRAYER FOR RELIEF

59. Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Mr. Cazalas demands such legal and equitable relief as will effectuate the purposes of ERISA, including but not limited to, the following:

a) An award of severance benefits provided to him under the terms of the Executive Severance Plan;

b) A determination that IP violated ERISA and interfered with his rights to severance benefits, and an award of appropriate relief to remedy the violation;

c) Pre-judgment and post-judgment interest;

d) Attorney's fees and the costs of this action; and

e) Such other a further relief as the Court finds to be equitable and just.

THIS the 28[h] day of February, 2024.

Respectfully submitted,

David Cazalas

s/Kristy L. Bennett
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
kristy@myjbfirm.com